UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL CARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>　　　　　Defendant. | No. 2:20–cv–1213–KJM–KJN (PS)<br><br>ORDER DENYING PLAINTIFF'S IFP REQUEST WITHOUT PREJUDICE<br><br>(ECF No. 2) |

Presently pending before the Court is Plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).[1]  (ECF No. 2.)  The statute states that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action []-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Here, plaintiff filed an application to proceed in forma pauperis, indicated he is not currently incarcerated, nor is he currently employed.  Plaintiff stated he has no cash on hand, has

---

[1] This matter was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

1

1  no owned property or assets, and has no dependents who rely on his support.  Thus, on its face,
2  the affidavit satisfies the conditions to allege poverty.

3   However, as part of the application process, the court is obliged to review a complaint for
4  frivolousness, lack of any factual or legal basis, or immunity.  28 U.S.C. § 1915(e)(2).  Thus, the
5  court read plaintiff's complaint, which is a four-claim suit against BMW concerning the
6  warranties associated with plaintiff's purchase of a used BMW.  (ECF No. 1.)  Plaintiff prays for,
7  among other things, a refund of the full contract price of his vehicle, as well as "replacement of
8  the subject vehicle with new vehicles."  (Id. at 18.)  However, plaintiff's IFP affidavit states he
9  owns no "real estate, stocks, bonds, securities, other financial instruments, **automobiles**, or other
10 valuable property."  (ECF No. 2 at 2, emphasis added.)  Thus, it appears plaintiff has submitted
11 contradictory assertions to the court—on the ownership of a vehicle, and the IFP affidavit appears
12 false on its face.  This calls into question the remainder of his IFP affidavit.

13   Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case if ever it is determined "the
14 allegation of poverty is untrue."  The Ninth Circuit has long held that "it is proper and indeed
15 essential for the supporting affidavits to state the facts as to affiant's poverty with some
16 particularity, definiteness and certainty."  Jefferson v. United States, 277 F.2d 723, 725 (9th Cir.
17 1960).  By filing an affidavit of poverty with the court, an affiant "exposes himself to the pains of
18 perjury in a case of bad faith."  Id. at 725.  Courts in this circuit have inferred a lack of good faith
19 on the part of any affiant where it is show he or she has made untrue allegations of fact or false
20 statements with intent to deceive the court.  See Vega v. JPMorgan Chase Bank, N.A., 654 F.
21 Supp. 2d 1104, 1121 (E.D. Cal. 2009).  Plaintiff's apparent false statement in his IFP application
22 could provide such grounds here.

23   However, the court also recognizes that plaintiff is acting pro se, and grants him the
24 benefit of the doubt.  It could be that plaintiff misunderstands the purpose of the form, or that he
25 overlooked certain text therein.  Thus, the court declines to recommend dismissal at this time.
26 Instead, the court denies his application to proceed IFP without prejudice, and provides him with
27 the opportunity to refile.  Should he choose to do so, his refiled affidavit should contain more
28 detail about his monthly expenses, including whether he receives any public assistance or other

help from family or friends. No section shall be left blank, and if the form asks for plaintiff to explain his answer, he must do so. This will assist the court in determining whether plaintiff meets the conditions to proceed IFP. Alternatively, plaintiff may elect to pay the filing fee, forego refiling an IFP application, and proceed with his case. Presently, a filing fee of $400.00 is required to commence a civil action in this court (upon request, the undersigned would consider a payment plan should plaintiff wish to pay the fee but not be able to afford the entire amount in one payment).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is DENIED WITHOUT PREJUDICE;
2. Within 21 days of this order, plaintiff shall either:
    a. Refile a complete IFP affidavit with the court, or
    b. Pay the applicable filing fee;
3. Plaintiff is informed that a failure to timely file the IFP affidavit or pay the filing fee (or timely request an extension of time to do so), may result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b); and
4. The Clerk of the Court shall enclose a blank IFP affidavit (non-prisoner) along with this order when serving on plaintiff.

Dated: June 23, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

card.1213